EDWARD G. KNIGHT *vs.* SAMUEL W. LUCE.

Suffolk.   Nov. 10, 1874. — Jan. 6, 1875.   WELLS & DEVENS, JJ., absent.

On the issue whether a person employed to burn the brush upon the land of an-
other had authority also to burn the brush within the limits of a highway adjoin-
ing, from which it is separated by a wall, the question whether a direction by the
owner " to clear up the land " included land within the limits of the highway is
for the jury, although the estate of the owner extended to the middle of the high-
way.

TORT for personal injuries caused by the negligence of William
B. Taylor, alleged to be the servant of the defendant, in building
fires in front of the premises of the defendant, along the line of
the Jerusalem Road, so called, a public highway in the town of
Cohasset, whereby the horse which the plaintiff was driving was
caused to run away, and the plaintiff thereby severely injured.

At the trial in the Superior Court, before *Brigham*, C. J., it
was admitted that the Jerusalem Road was a public highway, and
that the premises were the property of the defendant.   It ap-
peared in evidence that the defendant's lands, at some distance
back from the road, were first cleared by Taylor, that the bushes

and brush thereon were first cut, piled in heaps and burned; that after thus clearing said grounds back from the road, Taylor proceeded to clear up the defendant's grounds along the road within and without the boundary of the road in front of the defendant's premises in the same manner; that Taylor cut the brush and bushes along and within the limits of the road and piled them up in heaps within two feet of an old stone wall marking the boundary of the road, in front of the defendant's premises and on the side next thereto, and set fire to three heaps thus made.

Taylor was called as a witness for the defendant, and testified, among other things, that the defendant gave him general orders to mow and burn the bushes on his, the defendant's, lands, and generally to clear up his lands, that he had no special orders from the defendant; that he had done such business for many years, and that he did the work in the same manner as he always did in clearing lands. He further testified that Luce was there, after he had cleared a part of the grounds back from the road and burned some of the brush, and directed him to go on and clear up the lands.

The defendant testified that Taylor came to him for employment to clear up his lands, that he told Taylor to go ahead and clear them up, that he went down after Taylor had cleared up the back part of his premises, saw that the bushes had been burned, and directed him to proceed and clear up his front lands, and that he gave no instructions as to fires one way or the other.

Among other things, to which exceptions were taken, the judge instructed the jury, that if the defendant employed Taylor to clear up land without any directions or restrictions as to the mode of clearing the land, he authorized Taylor to do the work in the usual and ordinary mode; and if burning brush was within that usual and ordinary mode, and especially if the defendant knew that Taylor was doing the work by burning brush, and made no objection to it, he authorized the burning of the brush; that if the defendant employed or directed Taylor to clear up land, outside the limits of his estate along its boundaries and within the limits of the highway on which the plaintiff was travelling, the same rule applied to Taylor's authority; that an employment of Taylor to clear up the defendant's land only, did not imply an employment to clear up land without the boundaries of the de-

fendant's land and within the limits of the highway upon which the plaintiff was travelling, although along the boundaries of the land ; that the liability of a master for the acts of his servant might extend beyond his own land, and if the master authorized acts which caused injury to another upon land of another person, the master would be liable for the acts of the servant.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*G. M. Reed,* (*C. A. Reed* with him,) for the plaintiff.

*H. D. Hyde,* for the defendant.

AMES, J.   We see no valid objection to the instructions given at the trial.   Whatever rights the defendant might have as owner in fee of a portion of the soil within the limits of the highway, there is no doubt that the extent of his actual occupation was plainly indicated by visible bounds.   A general employment of a servant or agent " to clear up his land " does not necessarily import, under such circumstances, a purpose on the part of the employer to cut away the bushes and rubbish within the limits of the highway, even though his title, subject to the public easement, should literally extend to the thread of the way.   The lot which he occupied, and which was all that he could have occasion " to clear up " for any purposes of husbandry, may have been all that he was speaking of, and all that he meant that Taylor should go to work upon.   The extent of the authority which he gave Taylor was a question for the jury, and the terms made use of are not inconsistent with the theory that in those terms he was speaking only of the land which he occupied.   The instructions covered all the exigencies of the case, and were as favorable as the plaintiff had a right to require.          *Exceptions overruled.*